CAROLINE V. SMEDIS, as ADMINISTRATRIX, &c., RESPONDENT, *v.* THE BROOKLYN & ROCKAWAY BEACH RAILROAD COMPANY, APPELLANT.

*Contributory negligence—when the jury may find the deceased to have been free from it.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The plaintiff's husband was struck by one of defendant's locomotives, in charge of its servant, and died from the injury thereby occasioned. The plaintiff, alleging that the accident resulted from defendant's negligent management of its train, brought this action and recovered a judgment at Circuit. The accident happened near where defendant's road crosses what is called Liberty avenue. There was a conflict of evidence as to whether bell or whistle was sounded as defendant's train approached.

The court, at General Term, said : " Did the plaintiff affirmatively show her intestate free from contributory negligence? No eye witnessed the accident. The circumstances proved in such a case must be such that from them may be drawn an honest, intelligent inference, that the deceased did what the law has declared a prudent man should do. The accident happened at night. Defendant's train rounded a corner from Atlantic into Van Sinderen avenue, about five hundred feet from Liberty avenue. Defendant's engineer testifies, as the curve was finished he heard the whistle and bell of a Manhattan Beach train. The tracks of defendant and the Manhattan Beach Company are here laid in the same street. Defendant's train was on a down grade, slackening their pace, and with no headlight. The Manhattan Beach train was working up grade with a headlight, and with bell and whistle sounding. The two trains passed at Liberty avenue, and just as the rear of the Manhattan train passed defendant's engine, this engine struck the deceased.

" This may fairly be inferred from the fact that the whistle blew down brakes at the sound of the blow to the deceased, at which time defendant's superintendent saw the red light on the rear of the Manhattan train pass his engine. May not the further inference be drawn that the Manhattan train, with the noise of its efforts up grade, and the sound of its bell and whistle, and the glare of its headlight, engrossed deceased's thoughts for safety; that he watched this train approach and pass toward defendant's train, and in spite of his looking toward defendant's train it stole silently down grade upon him without headlight, bell or whistle?

" We think the case nearer the case of *Waldele* v. *N. Y. C. & H. R. R. R. Co.* (19 Hun, 69), than that of *Cordell* v. *N. Y. C. & H. R. R. R. Co.* (75 N. Y., 330), and that the question of defendant's negligence and plaintiff's intestate's contributory negligence were rightly left to the jury."

*Henry W. Johnson,* for the appellant.

*Theo. N. Melvin,* for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., and GILBERT, J., concurred.

Judgment and order denying new trial affirmed, with costs.